UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM H. COUNCIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00470-JMS-DLP |
| | ) | |
| CHARLES DANIELS Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner William H. Council seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Council asserts that he is no longer an armed career criminal or a career offender in view of *Mathis v. United States*, 136 S. Ct. 2243 (2016). His petition is **denied**.

### I.   Standard

To succeed on a motion for relief under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013) (citation omitted).

## II. Factual and Procedural Background

On September 1, 2015, Mr. Council pleaded guilty in the Western District of Missouri to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Council*, 2:14-cr-04039-BCW-1 (W.D. Mo.) (hereinafter, "Crim. Dkt."), Crim. Dkt. 43; *see also United States v. Council*, 860 F.3d 604, 606 (8th Cir. 2017). In exchange for concessions made by the government, Mr. Council entered into a binding plea agreement pursuant to *Fed. R. Crim. P.* 11(c)(1)(C). Crim. Dkt. 45. As part of the factual basis for the guilty plea, Mr. Council admitted that he had previously been convicted in 1992 of felony unlawful use of a weapon and felony distribution of a controlled substance and in 2003 of felony unlawful use of a weapon. *Id.* at 2. The parties agreed that the applicable Guidelines section was §2K2.1, and that Mr. Council was entitled to a 3-level reduction for acceptance of responsibility, pursuant to §3E1.1(b). The parties agreed that the district court would determine Mr. Council's applicable Sentencing Guidelines range and would determine the appropriate sentence. *Id.* at 3, 6. Mr. Council further agreed not to collaterally challenge his sentence "on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." *Id.* at 9. An "illegal sentence" included "a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.*

The United States Probation Office filed a presentence report in preparation for sentencing. Dkt. 11. Using the 2015 edition of the Sentencing Guidelines, the Probation Office determined that being a felon in possession of a firearm provided for a base offense level of 26 under U.S.S.G. § 2K2.1(a)(1). *Id.* at 7, ¶¶ 13-14. That level was increased by two under § 2K2.1(b)(3)(B) because Mr. Council possessed a sawed-off shotgun, a destructive device. That level was increased by four

under § 2K2.1(b)(6)(B) because Mr. Council possessed a sawed-off shotgun in connection with another felony offense. His adjusted offense level was 32. *Id.* at 9, ¶ 20. The Probation Office, however, found Mr. Council to be an armed career criminal, subject to an enhanced sentence under 18 U.S.C. § 924(e). *Id.* ¶ 22. As an armed career criminal, his offense level was 34 and, statutorily, would subject him to a sentence of not less than 15 years up to life imprisonment. *Id.* ¶¶ 22, 83. The convictions supporting the armed career criminal designation included Mr. Council's 1992 Missouri convictions on three separate counts of sale of a controlled substance. *Id.* ¶ 39. Although sentenced on the same date, each sale occurred on different dates: the first sale on November 12, 1990, the second sale on November 14, 1990, and the third sale on December 13, 1990. That offense level combined with a criminal history Category VI resulted in a guidelines custody range of 188 to 235 months' imprisonment. *Id*. at 19, ¶ 84.

Amongst other objections, Mr. Council objected to the Probation Office's finding that he qualified as an armed career offender under § 924(e)(1). Crim. Dkt. 51; Crim. Dkt. 58 at 2-8. Mr. Council argued that the three sales should have counted as one incident as they occurred at the same time. Crim. Dkt. 58 at 5.

Ultimately, the sentencing court found Mr. Council's prior drug convictions qualified as predicate offenses under the ACCA and the Guidelines. Because the plea agreement did not contemplate Mr. Council's sentencing as an armed career criminal, Mr. Council was given the opportunity to withdraw his guilty plea, but he chose to continue to plead guilty. *Id.* at 8. On February 2, 2016, Mr. Council was sentenced to the statutory minimum of 180 months' imprisonment. Crim. Dkt. 53.

On appeal, Mr. Council challenged the district court's motion to suppress evidence related to his arrest and ensuing search. The Eighth Circuit affirmed the judgment. *See Council*, 860 F.3d at 613. Mr. Council did not file a motion pursuant to 28 U.S.C. § 2255.

Mr. Council now files a petition under § 2241 challenging his sentence.

### III. Discussion

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016)[1], Mr. Council challenges his conviction as an Armed Career Criminal, asserting that "simple" possession of a firearm under 18 U.S.C. § 922(g)(1) is a non-violent act that does not trigger the provisions of the Armed Career Criminal Act and that his prior convictions no longer qualify as controlled substance offenses under the U.S. Sentencing Guidelines or the Armed Career Criminal Act. *See* dkt. 1 at 1. The United States filed a response in opposition. Dkt. 10. Mr. Council did not file a reply, and the time to do so has passed.

Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

#### A.   Statutory-Interpretation Case

The parties agree that Mr. Council meets the first savings clause requirement. Dkt. 10 at 8. He challenges his sentence under *Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements").

---

[1] Although Mr. Council cites to *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), in his petition, *Hinkle* is inapplicable as it analyzed whether a conviction under a different statute, Texas Health & Safety Code Ann. § 481.112(a), remains a "controlled substance offense" under the Sentencing Guidelines. Mr. Council has not explained why *Hinkle* is applicable here, and further analysis of *Hinkle* is not necessary.

4

### B. Retroactivity

The parties also agree that Mr. Council meets the second savings clause requirement. Dkt. 10 at 9. The Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted).

### C. Miscarriage of Justice

The final question is whether there has been a miscarriage of justice. Mr. Council challenges his sentencing as an armed career criminal. The ACCA prescribes a 15–year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony" or "serious drug offense." *Mathis*, 136 S. Ct. at 2248 (quoting § 924(e)(1)). This statute provides in relevant part:

> (e)(1) In the case of a person who … has three previous convictions by any court … for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years

18 U.S.C.A. § 924(e)(1). If Mr. Council is correct that he was erroneously classified as an armed career criminal and his sentence was wrongly enhanced, he was subjected to a miscarriage of justice because he should have faced only the felon-in-possession statute's 10-year maximum penalty. *See Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) (finding misapplication of ACCA enhancement "... clearly constitutes a miscarriage of justice."); *Mathis*, 136 S. Ct. at 2248; § 924(a)(2); *see also Welch v. United States*, 604 F.3d 408, 412-13 (7th Cir. 2010) (recognizing that a sentencing error is cognizable on collateral review "where a change in law reduces the defendant's statutory maximum sentence below the imposed sentence"). In other words, but for the ACCA conviction, Mr. Council's sentence could be no more than 120 months.

The respondent argues that there is no miscarriage of justice in Mr. Council's case because he remains an armed career criminal under the ACCA and a career criminal under U.S.S.G. § 4B1.1. Dkt. 10. Mr. Council disagrees, raising two separate claims. Each is discussed below.

1. Possession of a Firearm as a "Non-Violent" Act

Mr. Council first argues that "simple" possession of a firearm under 18 U.S.C. § 922(g)(1) is a non-violent act that does not trigger the provisions of the Armed Career Criminal Act. Mr. Council is mistaken. 18 U.S.C. § 924(e)(1) provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

*Id.* There is no requirement that that the underlying § 922(g) conviction be a "violent" act. Thus, it is irrelevant whether possession of a firearm under § 922(g)(1) is "violent" or "non-violent." Mr. Council's claim is without merit.

2. Prior Drug Convictions

Mr. Council also argues his prior drug convictions no longer qualify as controlled substance offenses under the U.S. Sentencing Guidelines or the Armed Career Criminal Act. At the time of Mr. Council's sentencing, the ACCA defined "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Under the categorical approach, in "determining whether a given state conviction qualifies as a predicate offense," a court "'focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the crime referenced in the federal statute], while ignoring the particular facts of the case.'" *United States v. Elder*, 900 F.3d 491, 498 (citing *Mathis*,

6

136 S. Ct. at 2248). "A state crime may qualify as a predicate conviction only if the elements of the state crime mirror, or are narrower than, the elements of the generic crime." *Id.* at 501 (internal quotations and citations omitted.). "If [a] state law defines the offense more broadly than the [federal statute], the prior conviction doesn't qualify as a [predicate offense], even if the defendant's *conduct* satisfies all of the elements of the [federal] offense." *Id.* (internal quotations and citations omitted).

"The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis*, 136 S. Ct. at 2248. The court "lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.*

If, however, a statute is "divisible," a modified categorical approach applies. *Elder*, 900 F.3d at 502. A statute is "divisible" when it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." *Descamps v. United States*, 570 U.S. 254, 257 (2013). As the Supreme Court explained in *Descamps*,

> [i]f one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.

*Id. Shepard v. United States*, 544 U.S. 13, 20 (2005), instructs that a district court is limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented," or "to some comparable judicial record of this information." *See United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011).

The Supreme Court in *Mathis* further instructs that there is a difference between alternative elements of an offense and alternative means of satisfying a single element. *Mathis*, 136 S. Ct. at 2250. Elements must be agreed upon by a jury. *Id.* at 2256. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense, not an element of the offense. *Id.* "In determining whether a statute is divisible, [the court] look[s] first to whether there is 'a decision by the state supreme court authoritatively construing the relevant statute' and establishing which facts are elements and which are means." *Elder*, 900 F.3d at 502 (internal quotations and citations omitted). "Absent a controlling state-court decision, the text and structure of the statute itself may provide the answer." *Id.* "Finally, [f]ailing those authoritative sources of state law, sentencing courts may look to the record of a prior conviction itself for the limited purpose of distinguishing between elements and means." *Id.* at 502-03.

In 1992, Mr. Council was convicted of three separate counts of sale of a controlled substance, in violation of Mo. Code § 195.211, in St. Charles County, Missouri, Case No. CR191-1617FX. Mr. Council argues that these prior convictions should not qualify as predicate offenses because the "deliver" and "sale" terms used in the Missouri drug statute criminalize a broader range of activities than is enumerated under the Sentencing Guidelines and Armed Career Criminal Act.

Pre-*Mathis*, the Eighth Circuit held that convictions under Missouri law for the distribution of controlled substances under Mo. Code § 195.211 are "serious drug offenses" for the purposes of the ACCA. *See United States v. Mason*, 440 F.3d 1056 (8th Cir. 2006). The 1992 version of Mo. Code § 195.211 states that:

> Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver,

> manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

*See* Mo. Code § 195.211(1) (1992). Deliver is defined as "the actual, constructive, or attempted transfer from one person to another of drug paraphernalia or of a controlled substance, or an imitation controlled substance, whether or not there is an agency relationship, and includes a sale." *Id.* § 195.010(10) (1992).

The ACCA defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). 21 U.S.C. § 802(8) defines deliver as "actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship."

The language in the Missouri statutes does not sweep more broadly than the ACCA when criminalizing the distribution or sale of a controlled substance and *Mathis* does not change the Eighth Circuit's analysis that convictions under Missouri law for the distribution of controlled substances under Mo. Code § 195.211 are "serious drug offenses" for the purposes of the ACCA. Accordingly, Mr. Council's three Missouri convictions for "sale of a controlled substance" remain "serious drug offenses" and predicate offenses under the ACCA. Thus, Mr. Council remains an armed career criminal under the ACCA.

In short, Mr. Council cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

## IV. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 10/23/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM H. COUNCIL
26996-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov